THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN LEDESMA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cv-3947 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| MARRIOTT INTERNATIONAL, INC. | ) | |
| and STARWOOD HOTELS & RESORTS | ) | |
| WORLDWIDE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Steven LeDesma was injured in a hotel elevator in Chennai, India. He sued the Defendant hotels in state court, and they removed the case to federal court. Currently before the Court is Defendants' motion for summary judgment [42]. Defendants' motion is denied. By December 4, 2020, the parties are directed to submit a joint status report updating the Court on what, if any, discovery remains outstanding; whether the parties anticipate any further dispositive motions; and, if so, a proposed briefing schedule for those motions.

**I.     Background**

The Court takes the relevant facts primarily from the parties' Local Rule 56.1 statements and responses and underlying documents. [See 42, 47, 51.] The following facts are undisputed except where a disagreement between the parties is noted. The Court construes the facts in the light most favorable to the nonmoving party—here, Plaintiff.

Plaintiff alleges that on February 13, 2018, he was a hotel guest at a hotel in Chennai, India called the Westin Chennai Velachery ("Westin Velachery"). [41, at ¶ 8.] The hotel bore Westin logos and trade dress [47, at 5.] Plaintiff says that while he was a passenger on an elevator in the

hotel, it suddenly fell several floors, causing him to sustain significant and permanent spinal injuries. [41. at ¶ 22.]

On May 3, 2018, Plaintiff filed a negligence suit in the Circuit Court of Cook County, naming Marriott International, Inc. ("Marriott") and Starwood Hotels & Resorts Worldwide, LLC ("Starwood") as defendants. [1-1, at 1.] Defendants removed the case to federal court [see 1], and Plaintiff later filed an amended complaint [41] alleging common carrier liability. Defendants moved for summary judgment [42], arguing that they are not the correct defendants, and one or more Indian companies that own or operate the Westin Velachery should have been sued instead. In support of their motion, Defendants submitted two affidavits, one from Ms. Carol Frensilli and one from Mr. Uppu Vasu Babu. Plaintiff responds that "Westin" is a brand owned and used by Defendants [41, at 2], and that his theory for proceeding against Defendants is one of "apparent agency" recognized by Illinois law, and he challenges the admissibility and reliability of Ms. Frensilli and Mr. Babu's affidavits.

Mr. Babu's affidavit asserts that Marriott and Starwood do not own, occupy, possess, manage, or operate the hotel in India where Plaintiff's alleged injury took place. [42, at ¶ 10.] Rather, he asserts, that hotel is owned by Mfar Hotels and Resorts Private Limited (formerly known as Mfar Hotels and Resorts Limited) ("Mfar"), a combination of limited liability companies organized and existing under the laws of the country of India ([42, at ¶ 11]) and was operated by Starwood Hotels & Resorts India PTE. LTD., another Indian company. [42, at ¶ 12.] Plaintiff argues that Mr. Babu's affidavit is not admissible under Federal Rule of Civil Procedure ("Rule") 56(c)(4) because it does not provide facts establishing how or why Mr. Babu knew that the hotel was owned by Mfar; several of the assertions are based on an "Operating Agreement" that was not produced or attached to the affidavit and therefore is inadmissible hearsay; and the affidavit does

2

not provide any support for Mr. Babu's conclusion that Defendants did not own, operate, or manage the hotel. [47, at 9-10.]

Mr. Babu, who lives and works in India, also provided deposition testimony via videoconference. [47, at 7.] Mr. Babu is the financial controller of Mfar Hotels and Resorts Private Limited. [*Id*.] In this role, Mr. Babu is responsible for "the account process of [the] entire hotel's operation;" generally, he is the one who reports "profit loss accounts." [47-3, at 3.] His office is located within the Westin Velachery. While he testified, Mr. Babu wore a uniform that included a Westin name tag. He also testified that the hotel is operated under the Westin brand. [47, at 7.] During his deposition, Mr. Babu reviewed six photographs of both the inside and outside of the Westin Velachery, which he testified accurately depicted the hotel as it existed in February 2018. He further testified that, in the photos, he could see the Westin logos prominently displayed both inside and outside of the hotel. Additionally, Mr. Babu reviewed a screenshot of the website for the Westin Velachery; he admitted that the hotel's website has the Westin logo and is on a Marriott domain/website address. Potential guests can make reservations through this Marriott website. Mr. Babu acknowledged that the hotel participates in the Marriott Starwood Bonvoy Rewards Program. [47, at 7.]. Mr. Babu also testified that invoices from the hotel contain both the Westin logo and an Mfar logo. When asked if the Westin Velachery provided any indication that it was owned or operated by someone other than Westin, Mr. Babu said only that the Mfar logo was on the invoice. [47-3, at 6.]

Defendants also submitted an affidavit from Carol Frensilli. The Court reproduces the relevant portions here (which constitute about 50% of the affidavit): "I am the Assistant Secretary of Marriott International, Inc. ("Marriott") in its corporate headquarters and am familiar with the corporate structure of Marriott, and its subsidiaries, including that of the Starwood Hotels &

3

Resorts Worldwide, LLC.…To the best of my knowledge, Marriott International, Inc. and Starwood Hotels & Resorts Worldwide, LLC have no ownership or control Starwood Hotels & Resorts India PTE. LTD." [42, at 18-19.] At her deposition, Ms. Frensilli testified that she has "no knowledge…at all" of Starwood Hotels & Resorts India PTE. LTD. [52, at 22], did not know whether Marriott owned Westin [*id.*], did not know whether Starwood owned any Westin entities [52, at 23], did not verify whether the Westin Velachery Hotel was in any Marriott internal records [*id.*], and stated that she "only under[stood] the U.S. and Canadian companies" that were owned by Marriott [52, at 24].

Before February 13, 2018, Plaintiff had stayed at the Westin Velachery. During his first stay at the hotel, staff encouraged Plaintiff to enroll in a Marriott/Starwood preferred guest program and informed him he would receive points for future stays at the Westin Velachery Velachery. [47, at ¶ 3.] Plaintiff received Marriott/Starwood rewards points for the stay during which he was injured. [47, at ¶ 3.]

Plaintiff also offers a number of facts that Defendants argue are improper because they are legal conclusions. [52, at 3.] Specifically:

- by holding out the hotel as a Westin, Defendants acted in a manner that would lead reasonable people, including Plaintiff, to conclude that they owned, operated, managed, maintained, and controlled the Westin Velachery Velachery and elevators within. [47, at 5-6.]

- based on Defendants' holding out, Plaintiff believed he was staying at a Westin hotel. [*Id.*]

- Defendants had knowledge of and/or acquiesced in the fact that the hotel was branded as a Westin. [*Id.*]

- Plaintiff justifiably relied on Defendants' conduct in the holding out the hotel as a Westin. [*Id.*]

4

Plaintiff also submitted his own affidavit asserting that he understands Westin to be a Marriott brand and that, when traveling, he stays at Marriotts, Westins, or other hotels in the Marriott group because (a) he received Marriott/Starwood reward points for doing so and (b) he was familiar with the Marriott/Westin brand and believed that their hotels were conveniently located, clean, safe, and fit his needs. [47, at 6.]

Before and after his February 2018 stay at the Westin Velachery, Plaintiff believed that it was a "Westin/Marriott" hotel based on the "extensive Westin branding and the fact that he received Marriott/Starwood rewards points" for his stay there. [47, at 6-7.] Plaintiff says he also believed the Westin Velachery was a Westin hotel because he was never informed before or during his February 2018 hotel stay that it was owned, operated, or managed by anyone other than Marriott, and there were no signs, notices, or paperwork that indicated to Plaintiff that the hotel was not a Westin. [*Id.*] Defendants admit that Plaintiff may have believed the Westin Velachery was a Westin hotel, but assert that calling it a "Westin/Marriott" property is misleading in light of Ms. Frensilli's deposition testimony. [52, at 5.] Defendants also point out that Plaintiff had stayed at the Westin Velachery multiple times and the Mfar logo appeared on guests' invoices, which Defendants say rebuts Plaintiff's assertion that there was no indication that anyone other than Defendants owned, operated, or managed the hotel. [*Id.*].

## II. Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). In determining summary judgment motions, "facts must be viewed in the light

5

most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing Fed. R. Civ. P. 56(c)). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. See *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Gibbs v. Lomas*, 755 F.3d 529, 536 (7th Cir. 2014) (quoting *Jewett v. Anders*, 521 F.3d 818, 821 (7th Cir. 2008)). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. See *Celotex Corp.*, 477 U.S. at 323. "Once a party has made a properly-supported motion for summary judgment, the opposing party may not simply rest upon the pleadings but must instead submit evidentiary materials that 'set forth specific facts showing that there is a genuine issue for trial.'" *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008) (quoting Fed. R. Civ. P. 56(e)); see also *Anderson*, 477 U.S. at 250. In evaluating a motion for summary judgment, the Court will construe all facts in the light most

favorable to the nonmoving party and draw all reasonable inferences in favor of the nonmoving party. *Bell v. Taylor*, 827 F.3d 699, 704 (7th Cir. 2016).

## III. Analysis

### A. Jurisdiction

First, a few words on jurisdiction: Defendants removed this case from state court to this Court on diversity jurisdiction grounds. [1, at 2-3.] Plaintiff has not directly questioned the Court's jurisdiction, but indirectly raised the issue by noting that it lacked knowledge of Starwood LLC's citizenship. To fulfill its ongoing obligation to ensure that it has jurisdiction over the matter, the Court ordered the parties to submit supplemental briefing on the citizenship of Starwood's members [65]. Defendants responded on November 9, 2020 (see [66]) and assert that Starwood is wholly owned by an LLC that is wholly owned by Marriott International, Inc., a Delaware corporation with its primary place of business in Maryland. [66, at 2.] Those facts are drawn from another affidavit by Ms. Frensilli [66-1]. That affidavit is sparse, but Plaintiff provides no reason to doubt its completeness or accuracy, nor does the Court, so sparse is sufficient.

The citizenship for diversity purposes of a limited liability company is the citizenship of each of its members, and the citizenship of a corporation for diversity purposes is the state of incorporation and the state in which the corporation has its principal place of business. *Wise v. Wachovia Securities, LLC*., 450 F 3d 265, 267 (7th Cir. 2006). Based on the record before the Court, Starwood and Marriott are, for diversity purposes, citizens of Delaware and Maryland. Plaintiff's amended complaint states that he is an Illinois resident [41, at 1], though Defendant believes (but does not provide the basis of this belief) that Plaintiff now resides in Texas. [66, at 1.] Either way, complete diversity exists between Plaintiff and each defendant.

7

**B.** **Evidentiary Issues**

    *1.*    *The Parties' Local Rule 56.1 Statements*

Next, the Court briefly addresses the parties' proffered "undisputed" facts. Local Rule 56.1 requires a party moving for summary judgment to file "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." LR 56.1(a)(3). The rule also requires the opposing party to provide "a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." LR 56.1(b)(3)(B). An opposing party may file its own statement of additional facts that it contends are undisputed (LR 56.1(b)(3)(C)), and the moving party may file responses to the additional facts (LR 56.1(a)).

Defendants' responses to Plaintiff's second and third additional statements of fact are inadequate. Defendants denied these statements because they "lack information" [57, at 4] or "lack knowledge" [*id*.]. Such denials do not comply with LR 56.1 are do not constitute disputes for purposes of summary judgment. *Rucker v. Fasano*, 2017 WL 5593356, at *2 (N.D. Ill. Nov. 21, 2017), aff'd, 725 F. App'x 416 (7th Cir. 2018) (denials of statements of undisputed fact based on lack of knowledge are "ineffective under this court's rules applicable to summary judgment motions" and constitute admissions.) The Court therefore disregards the ineffective attempts to dispute those facts and takes them as admissions.[1]

---

[1] Plaintiff's "lack information" response to Defendants' third statement of fact, specifically that Plaintiff and Defendants are citizens of different states, would be similarly ineffective, but because this fact affects the Court's jurisdiction, the Court pursued the matter itself, as discussed above.

### 2. *Admissibility of Defendants' Affidavits*

The Court now turns to Ms. Frensilli's and Mr. Babu's affidavits. The Court's review of these affidavits before proceeding to its summary judgment analysis is controlled by Federal Rule of Civil Procedure 56(c)(4), which requires that "[a]n affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." The Court can consider only admissible evidence at the summary judgment stage. *Steffek v. Client Servs., Inc.*, 948 F.3d 761, 769 (7th Cir. 2020) (at summary judgment, district court should consider evidence "only if it conclude[s] that [it] would be admissible at trial"); Fed. R. Civ. P. 56(c)(2) (authorizing objections that material cited to support or oppose a motion for summary judgment "cannot be presented in a form that would be admissible in evidence").

Ms. Frensilli's affidavit has problems relating to lack of personal knowledge and competence to testify. On its face, the affidavit is limited: it states that only "*[t]o the best of* [her] knowledge," Marriott and Starwood "have no ownership or control[sic] Starwood Hotels & Starwood India PTE. LTD." [42 at 18 (emphasis added).] There is no additional factual or legal support for that assertion in the affidavit. Furthermore, at her deposition, Ms. Frensilli testified that she has "no knowledge…at all" of Starwood Hotels & Resorts India PTE. LTD. [52, at 22], did not know whether Marriott owned Westin [*id.*], did not know whether Starwood owned any Westin entities [52, at 23], did not verify whether the Westin Velachery was in any Marriott internal records [*id.*], and stated that she "only under[stood] the U.S. and Canadian companies" that were owned by Marriott [52, at 24]. Accepting her testimony at face value, it is clear that Ms. Frensilli has limited personal knowledge of or competence to testify about the ownership or control

9

of Starwood Hotels & Resorts India PTE. LTD., or whether Defendants own or control the Westin Velachery. Beyond her job title, the information in Ms. Frensilli's affidavit is not sufficiently supported to establish definitively the factual propositions that Defendants contend follow from her assertions. *Williams v. Wisconsin Dep't of Workforce Dev.*, 731 F. App'x 537, 538 (7th Cir. 2018) (district court did not abuse its discretion by disregarding a declaration because declarant did not explain how she had knowledge of documents discussed in and attached to declaration).

Mr. Babu's affidavit is more robust but still has problems. He asserts that Mfar is the owner of the Westin Velachery but does not provide support for the assertion or explain how he knows it. The Court cannot rely on such an unsupported statement to establish a purported fact at summary judgment. See *id.* Additionally, he refers to an "Operating Agreement" for the hotel between Mfar and Starwood Asia Pacific Hotels & Resorts PTE. LTD. (India Branch), which was later assigned to Starwood Hotels & Resorts India PTE. LTD. [42, at 20-21.] But the Operating Agreement is not attached to the affidavit or any other filing in front of the Court, so Mr. Babu's statements about the document—paragraphs 5-8 and 10 of his affidavit—are hearsay and inadmissible. See *Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009) ("A party may not rely upon inadmissible hearsay to oppose a motion for summary judgment.") (collecting cases). That leaves, on the substantive side, paragraphs 9 and 11, which assert that Defendants are not involved in the operation of the Westin Velachery, do not have any employees at the hotel, and do not pay Indian payroll taxes associated with the hotel. [42, at 21.]

### C. Summary Judgment Analysis

Defendants argue that they do not own, possess, occupy, or otherwise control the Westin Velachery and therefore owed no duties to Plaintiff, making summary judgment appropriate. [42, at 5.] The admissible facts that Defendants offer to support their argument are Mr. Babu's

assertions that the Mfar logo appears alongside the Westin logo on the invoices that the hotel provides to guests, and Defendants are not involved in the operation of the Westin Velachery, do not have any employees at the hotel, and do not pay Indian payroll taxes associated with the hotel.

Plaintiff counters, under a theory of apparent agency, that Defendants are the principals of the Westin Velachery and subject to liability for its actions or omissions. [47, at 8-9.] Illinois law has long recognized the doctrine of apparent authority. *Sphere Drake Ins. Ltd. v. Am. Gen. Life Ins. Co.*, 376 F.3d 664, 672–73 (7th Cir. 2004) (citing *Gilbert v. Sycamore Mun. Hosp.,* 622 N.E.2d 788, 795 (1993)). Apparent authority is that authority which a reasonably prudent person would naturally suppose the agent to possess, given the words or conduct of the principal. State Security Insurance Co. v. Burgos, 583 N.E.2d 547 (1991). "It is a well-established precept of agency law that a principal will be bound by the authority he appears to give to another, as well as that authority which he actually gives." *Burgos*, 583 N.E.2d 547 (citing *Lynch v. Board of Education of Collinsville Community Unit District No. 10*, 412 N.E.2d 447 (1980)). Once the principal has created the appearance of authority, he is estopped from denying it to the detriment of a third party. *Burgos*, 583 N.E.2d 547. To prove apparent authority, the proponent must show that (1) the principal consented to or knowingly acquiesced in the agent's exercise of authority; (2) based on the actions of the principal and agent, the third person reasonably concluded that the party was an agent of the principal; and (3) the third person justifiably and detrimentally relied on the agent's apparent authority. *Amcore Bank, N.A. v. Hahnaman-Albrecht, Inc.*, 759 N.E.2d 174, 183 (citing *Letsos v. Century 21-New W. Realty*, 675 N.E.2d 217 (1996)).

Plaintiff offers several items of evidence that support his theory that the Westin Velachery has an apparent agency relationship with Marriott and Starwood: the Westin Velachery has Westin branding throughout the property [47-2, at 2], including a Westin sign behind the front desk and

11

numerous Westin signs on the outside of the building [47-3, at 5, 12, 16, 17, 18]; the Marriott website includes a webpage for the Westin Velachery [*id.* at 14] through which guests can book rooms at the Westin Velachery [*id.* at 6]; the Westin Velachery participates in the Marriott Starwood Bonvoy Rewards Program [*id*. at 6-7]; the invoices say "Westin Chennai Velachery" on them [*id.*]; the nametags of Westin Velachery employee—or at least Mr. Babu's nametag—have a Westin logo on them [*id.*]; Plaintiff chose to stay at the Westin Velachery because he would receive Marriott Starwood loyalty rewards points for doing so and because he believed Marriott hotels were clean, save, and met his needs [47-2, at 2]; Westin Velachery staff encouraged Plaintiff to enroll in a Marriott/Starwood preferred guest program [47-2, at 1]; Plaintiff received Marriott/Starwood loyalty rewards points for his stay at the Westin Velachery in February 2018 [*id.*]; and Plaintiff's affidavit states that he believed the Westin Velachery was a Westin/Marriott hotel [*id.*].

Construing these factual assertions in the light most favorable to Plaintiff and drawing all reasonable inferences Plaintiff's favor—as the Court must at this stage of the case—there is a genuine dispute of material fact over the ownership or control of the Westin Velachery.[2] In fact, this case is similar to *Santora v. Starwood Hotel & Resorts Worldwide, Inc.*, which illustrates the application of the apparent authority rule in the context of a tort suit against a hotel. 580 F. Supp. 2d 673 (N.D. Ill. 2008). In *Santora*, the plaintiff alleged negligence in connection with injuries he sustained when he tripped and fell on a carpet runner while staying at the Hotel Danieli–Venice in Venice, Italy. *Id.* at 674. He asserted that an agency relationship existed between the Hotel Danieli and Starwood Hotel & Resorts Worldwide, Inc ("Starwood Hotels") under the theory of "apparent

---

[2] Additionally, even if Ms. Frensilli's or Mr. Babu's affidavit or both were admissible in their entirety, Plaintiff would still have raised a genuine dispute of material fact sufficient to defeat the summary judgment motion.

authority" in Illinois law. *Id.* at 675. Starwood Hotels moved for partial summary judgment, arguing there was no evidence of an agency relationship. The court disagreed. *Id.* at 678. According to the court, a jury could find that Starwood Hotels and the Italian hotel led a reasonable person to believe the hotel was an agent of Starwood because: (1) the preferred guest card that Starwood Hotel gave Plaintiff, plus other exhibits, identified the Luxury Collection of hotels as part of the Starwood Family and included the Hotel Danieli; (2) the reservation confirmation listed the hotel as a member of the Starwood Luxury Collection; (3) the confirmation also had a designated space to list Starwood Preferred Guest numbers; (4) a letter from the hotel listed the banquet services email at an "@starwoodhotels.com" address; (5) the hotel's stationary said "The Luxury Collection, Starwood Hotels & Resorts"; (6) emails from hotel representatives came from "@starwoodhotels.com" email addresses; and (7) Starwood's website lists the hotel as one of its premiere hotels in the Luxury Collection. *Id*. at 676.

As in *Santora*, a wide range of the hotel's traits and guest experiences at the Westin Velachery where Plaintiff allegedly was injured could lead a reasonable jury to believe that the foreign hotel had an agency relationship with the U.S. hotel company of the same name, rendering summary judgment inappropriate. Fed. R. Civ. P. 56(a).

**IV.  Conclusion**

For the reasons stated above, the Court denies Defendants' motion for summary judgment [42]. By December 4, 2020, the parties are directed to submit a joint status report updating the Court on what, if any, discovery remains outstanding; whether the parties anticipate any further dispositive motions; and, if so, a proposed briefing schedule for dispositive motions.

Dated:  November 16, 2020

                                              Robert M. Dow, Jr.
                                              United States District Judge