# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STEVEN LEDESMA, ) | |
| ) | |
| Plaintiff, ) | Case No. 18-cv-3947 |
| ) | |
| v. ) | Judge Robert M. Dow, Jr. |
| ) | |
| MARRIOTT INTERNATIONAL, INC. ) | |
| and STARWOOD HOTELS & RESORTS ) | |
| WORLDWIDE, LLC, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Steven Ledesma ("Plaintiff") brings suit against Defendants Marriott International, Inc. ("Marriott") and Starwood Hotels & Resorts Worldwide, LLC ("Starwood") for personal injuries arising out of an elevator accident that occurred while Plaintiff was a guest at the Westin Chennai Velachery ("Westin Chennai") in Chennai, India. Currently before the Court is Defendants' motion to dismiss based on forum non conveniens [79]. For the following reasons, Defendants' motion [79] is denied.

## I. Background

On February 13, 2018, Plaintiff was a guest at the Westin Chennai. Plaintiff alleges that while he was on an elevator at the hotel, it suddenly dropped several floors, causing him injuries. On May 3, 2018, Plaintiff filed his Complaint against Defendants in the Circuit Court of Cook County. The complaint alleges that the Westin Chennai Velachery is the apparent agent of Defendants and, therefore, Defendants are liable for the hotel's negligence. On June 6, 2018, Defendants removed the suit to the District Court of the Northern District of Illinois based on diversity jurisdiction. Defendants moved for summary judgment on March 8, 2019, disclaiming

any liability for Plaintiff's injuries on the basis that Plaintiff had allegedly sued the wrong parties. See [26]. That motion for summary judgment was stricken, see [34], and refiled on October 31, 2019, see [36]. The Court denied summary judgment on November 16, 2020. See [70]. Currently before the Court is Defendants' motion to dismiss the complaint based on the forum non conveniens doctrine [79].

## II. Legal Standard

Venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred" or "if there is no district in which an action may otherwise be brought . . . any judicial district in which any defendant is subject to the court's personal jurisdiction." 28 U.S.C. § 1391(b). As Defendants have never challenged venue and objections to venue may be waived, see *Guaranteed Rate, Inc. v. Conn*, 264 F. Supp. 3d 909, 924 (N.D. Ill. 2017), the Court assumes that venue in this District is appropriate. Even where venue is proper, however, "[t]he doctrine of forum non conveniens allows a federal court to dismiss a claim when a foreign jurisdiction would provide a more convenient forum to adjudicate the matter, and dismissal would serve the ends of justice." *Maui Jim, Inc. v. SmartBuy Guru Enterprises*, 386 F. Supp. 3d 926, 949 (N.D. Ill. 2019). The doctrine "is an exceptional one that a court must use sparingly." *Deb v. SIRVA, Inc.*, 832 F.3d 800, 805 (7th Cir. 2016). "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Id.* at 806 (internal quotation marks and citation omitted). A defendant's "burden in alleging forum non conveniens … is heavy." *Id.* at 810. It must "submit evidence of an adequate and alternate forum," such as expert affidavits. *Id.* at 810, 812.

"A court considering a *forum non conveniens* motion weighs 'a variety of relevant factors,' many of which are 'case-specific'; there is no 'formula for weighing [the factors] precisely.'"

*Greene v. Mizuho Bank, Ltd.*, 206 F. Supp. 3d 1362, 1379 (N.D. Ill. 2016). In general, the Court must first "determine if an alternative and adequate forum is available and then go on to balance the interests of the various participants," as well as the public. *Deb*, 832 F.3d at 807. "We start with the availability of the forum because, '[a]s a practical matter, it makes little sense to broach the subject of forum non conveniens unless an adequate alternative forum is available to hear the case.'" *Id.* (quoting *Kamel v. Hill–Rom Co.*, 108 F.3d 799, 802 (7th Cir. 1997)). "The availability of the forum is really a two-part inquiry involving availability and adequacy." *Id.* A proposed alternative forum is "available" if "'all parties are amenable to process and are within the forum's jurisdiction.'" *Fischer v. Magyar Allamvasutak Zrt.*, 777 F.3d 847, 867 (7th Cir. 2015) (quoting *Kamel*, 108 F.3d at 803). The forum is "adequate" if "the parties will not be deprived of all remedies or treated unfairly." *Id.*; see also *Deb*, 832 F.3d at 807 ("Adequacy only comes into play to the extent that the remedy would be so inadequate that for all intents and purposes the forum is not available."). "A court may dismiss on forum non conveniens grounds even though the foreign forum does not provide the same range of remedies as are available in the home forum." *Kamel*, 108 F.3d at 799. "However, the alternative forum must provide some potential avenue for redress." *Id.*

If the Court determines that an alternative forum is available and adequate, it then must weigh "both the convenience of the forum to the parties and witnesses (private interest considerations) and various public interest considerations." *Pomerantz v. Int'l Hotel Co.*, 359 F. Supp. 3d 570, 580 (N.D. Ill. 2019); see also *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981). "As a general rule, a plaintiff's choice of forum should be disturbed only if the balance of public and private interest factors strongly favors the defendant." *Clerides v. Boeing Co.*, 534 F.3d 623, 628 (7th Cir. 2008). The private interest factors include: "(1) the relative ease of access to sources

3

of proof; (2) availability of compulsory process for attendance of unwilling, and (3) the cost of obtaining attendance of willing witnesses; (4) possibility of view of premises, if view would be appropriate to the action; and (5) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Maui Jim*, 386 F. Supp. 3d at 950. "The public interest factors to consider are (1) the administrative difficulties stemming from court congestion; (2) the local interest in having localized disputes decided at home; (3) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (4) the avoidance of unnecessary problems in conflicts of laws or in the application of foreign law; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty." *Id*.

III. Analysis

The Court begins by addressing the availability and adequacy of Defendants' proposed alternate forum, India. For the reasons explained in this section, Defendants fail to convince the Court that India is an available and adequate forum for litigating the parties' dispute. Therefore, the Court finds it unnecessary to assess the relative convenience of this District and India or to balance the public and private interest factors. See *Deb*, 832 F.3d at 807; *Kamel*, 108 F.3d at 802. The Court also finds it unnecessary to address Plaintiff's argument that Defendants waived the right to file their forum non conveniens motion.

Defendants propose two potential forums in India: the Civil Court in Chennai, where a negligence claim could be pursued, and the Consumer Protection Action Commission ("Commission"), where a claim for "deficiency in service" might be filed. In support of their motion, Defendants provide an affidavit from M.B. Raghavan, a civil litigator practicing in India with a focus on tort claims. In support of his opposition to the motion, Plaintiff provides an affidavit from Pradeep Nayak, who is also an attorney practicing in India. Based on the Court's

4

review of the affidavits and the parties' briefs and other evidence, it appears that the statute of limitations has likely run for a claim in the Commission. Although the situation in the Civil Court is less clear, Defendants have failed to meet their "heavy" burden of demonstrating that Plaintiff could pursue a negligence claim in that forum, either. *Deb*, 832 F.3d at 810. When a "plaintiff's suit would be time-barred in the alternative forum, his remedy there is inadequate—is no remedy at all, in a practical sense—and in such a case dismissal on grounds of forum non conveniens should be denied unless the defendant agrees to waive the statute of limitations in that forum *and* the waiver would be enforced there." *Chang v. Baxter Healthcare Corp.*, 599 F.3d 728, 736 (7th 2010) (emphasis added).

Plaintiff's claim in the Civil Court may or may not be barred. Since Defendants shoulder the heavy burden of proving that this proposed alternate forum is adequate, the Court must conclude based on the materials before it that the Civil Court is not an adequate forum. *See TGI Systems Corp. v. Jens Giessler and Neumann & Muller GmbH & Co. KG*, 2016 WL 878264, at *7 (N.D. Ill. Mar. 8, 2016) (denying motion to dismiss on forum non conveniens ground where Defendants failed to address whether statute of limitations would bar suit in Germany or Switzerland or to provide any "assurance that the forums would enforce their waiver of a limitations defense"); *YCB Int'l Inc. v. UCF Trading Co.*, 2010 WL 2928069, at *4 (N.D. Ill. July 21, 2010) (denying motion to dismiss on forum non conveniens ground where defendant "failed to explain whether [Plaintiff's] claims would be barred in a Bahamian court by the statute of limitations in that forum").

According to both parties' experts, an action in the Civil Court would be subject to a three-year statute of limitations. They also agree that Plaintiff's claim accrued on the date of his injury, February 13, 2018. Mr. Raghavan's affidavit suggests a second potential accrual date, as well, but

5

his explanation is far from clear. According to Mr. Raghavan, "besides the date of accident a denial of liability by the anticipated Defendants would also be relevant to reckon when the right to sue accrued." [79] at 26. He does not indicate with any degree of certainty that the date of denial of liability would be controlling or explain what constitutes a "denial" for purposes of this supposed rule. The Court therefore must assume that the date of injury is controlling, in which case the three-year statute of limitations expired on February 8, 2021—unless the limitations period has been tolled for a sufficient period of time.

Mr. Raghavan explains that the Supreme Court of India entered an order on March 15, 2020 tolling the statute of limitations on all claims in civil court until further order due to the COVID-19 pandemic. [79] at 27. However, according to Mr. Nayak, the Supreme Court's abeyance "has now come to an end with the Supreme Court's most recent order on the subject." [86-3] at 2. He calculates that "in this instance, since the 3-year limitation period for filing a civil suit would have ended on February 7, 2021, the Supreme Court has extended the period of limitation until 14 June 2021," *id*. at 2—a date that passed more than a month ago. It is not particularly clear how Mr. Nayak calculates these dates, but the Court will accept them for purposes of determining Defendants' motion because in their reply brief (which attaches no affidavits or other evidence), Defendants acknowledge that "whether [Plaintiff's] claim is barred by the statute of limitations is uncertain." [93] at 8. Defendants contend that this is not dispositive because they "*may* agree to not assert the statute of limitations defense if Plaintiff is unable to file his case in India because of it." *Id*. (emphasis added). However, Defendants have not actually agreed to waive the statute of limitations or filed a stipulation to that effect. More importantly, Defendants have made no showing that courts in India would enforce a waiver even if Defendants agreed to one. Their own expert's affidavit indicates the opposite—that the civil courts have no

6

power to excuse a delay in filing within the statutory period. See [79] at 26 (Mr. Raghavan explaining that "[u]*nlike civil courts*, the Commission under the Consumer Protection Act is empowered to excuse any delay in filing a complaint beyond the statute of limitations for sufficient cause." (emphasis added)).

Plaintiff's claim in the Commission also appears to be barred, unless both Defendants and the Commission would waive the statute of limitations, which Defendants have not established. According to both parties' experts, a two-year statute of limitations would apply to a claim brought in the Commission. Plaintiff's accident occurred on February 8, 2018; it also accrued on this date, according to both experts. Therefore, the two-year statute of limitations ran by February 8, 2020. Although Mr. Rahavan's affidavit suggests that the date Defendants denied liability may also be "relevant" in some manner for determining when Plaintiff's claim accrued, he does not explain how it is relevant or whether this would necessarily override the general rule that a claim accrues at the time of injury. The Court therefore accepts that the statute of limitations on a claim before the Commission ran by February 8, 2020—before the Supreme Court issued its tolling order. Further, there is nothing in the Supreme Court's order that suggests it applies to the Commission as it does to civil courts. Nor has Defendant provided any evidence that the Commission would waive the statute of limitations or enforce any waiver to which Defendants agree (which, to date, they have not). The Court therefore must conclude that the Commission is not an adequate forum, either. See *TGI Systems*, 2016 WL 878264, at *7; *YCB Int'l*, 2010 WL 2928069, at *4.

Defendants' motion must also be denied for the additional reason that Defendants have failed to demonstrate that they would be amenable to service in India. Plaintiff's expert Mr. Nayak explains that service of a lawsuit in India is made by securing the signature of a representative of the defendant, which would be impossible in this case as Defendants are American corporations

7

that do not have property or registered offices in India. See [86-3] at 3. Defendants' expert Mr. Raghavan does not address the issue of amenability to service. As with the statute of limitations issue, Defendants claim in their reply brief (without any supporting evidence) that they "*could* agree to accept service." [93] at 8 (emphasis added). But again, Defendants have not actually agreed to accept service. Nor have they demonstrated that courts in India would accept jurisdiction over an American citizen's suit against two American companies who simply "agree" to accept service regardless of the courts' rules for service. Without such proof, Defendants cannot show that India is an available forum, see *Fischer*, 777 F.3d at 867, and Defendants' motion to dismiss must be denied. See *Deb*, 832 F.3d at 810-812 (reversing district court order finding that India was an adequate and available alternate forum where defendants offered no evidence, no experts, and no concession that Indian courts would be able to exercise jurisdiction over them, but instead made only broad, conclusory allegations that they were subject to suit in India).

## IV. Conclusion

For these reasons, the Court concludes that Defendant has failed to demonstrate that India is an available and adequate forum for litigating the parties' dispute. Therefore, Defendant's motion to dismiss based on forum non conveniens [79] is denied.

Dated: July 14, 2021

_____
Robert M. Dow, Jr.
United States District Judge